IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Ibrahim Hameen, | ) | C/A NO. 0:13-158-CMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* petition for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation. On September 17, 2013, the Magistrate Judge issued a Report recommending that the case be dismissed with prejudice due to Petitioner's failure to prosecute this action. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed a response to the Report on October 1, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

1

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).

The court has conducted a *de novo* review of the record as to the response made and has considered Petitioner's response, the entire record, the applicable law, and the Report and Recommendation of the Magistrate Judge.

As Petitioner is proceeding *pro se* and because dismissal of this matter will affect Petitioner's right to pursue a writ of habeas corpus in this court, the court hereby extends the time for filing a response to Respondent's motion for summary judgment through **Friday, October 18, 2013**.  The Clerk shall re-serve Petitioner with a copy of the *Roseboro[1]* order which was issued in this matter on May 29, 2013.

Petitioner is specifically advised that failure to file a response to the motion for summary judgment by **Friday, October 18, 2013** will result in dismissal of the petition with prejudice. Petitioner is advised that he must file his response with the Clerk of Court, 901 Richland Street, Columbia, South Carolina 29201, and a serve Respondent's counsel with a copy of his response. If a response is filed, this matter will be re-referred to the United States Magistrate Judge for further pretrial proceedings.[2]

---

[1]*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[2]Petitioner's motion for appointment of counsel was denied by the Magistrate Judge on July 9, 2013.  *See* ECF No. 21.    There is no right to appointed counsel in habeas cases.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir. 1995). Attorneys may be appointed for a person "seeking relief under section 2241, 2254, or 2255 of title 28" when "the court determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B). Counsel may be appointed when counsel is necessary for effective discovery and must be appointed when evidentiary hearings are required.  *See* Rules Governing § 2254 Cases, Rules 6(a) & 8(c), 28 U.S.C. foll. § 2254.  However, the court finds that circumstances of this petition do not currently warrant the appointment of counsel.

2

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 4, 2013